# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0170 (WMW/BRT) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Kendra Sue Johnson (1), | |
| Defendant. | |

This matter is before the Court on a May 6, 2020 letter request filed by the Federal Bureau of Prisons (BOP).  (Dkt. 223.)  The BOP seeks the Court's guidance as to whether Defendant Kendra Sue Johnson's federal sentence should be retroactively designated to run concurrently with or consecutively to two terms of imprisonment subsequently imposed by Minnesota state courts.  At the Court's direction, Johnson and Plaintiff United States of America filed memoranda of law addressing the BOP's request. (Dkts. 226, 227.)  Both Johnson and the United States request a court order modifying Johnson's federal sentence or awarding her custody credit.  For the reasons addressed below, these requests are denied.

## BACKGROUND

Johnson pleaded guilty in December 2018 to possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  This Court sentenced Johnson on April 30, 2019, to 84 months' imprisonment for that conviction.

Subsequently, two Minnesota state courts sentenced Johnson to terms of imprisonment in unrelated state-court matters.  Specifically, in Case Number 62-CR-15-4244, Ramsey County District Court revoked Johnson's state-imposed probation and sentenced her on May 15, 2019, to 699 days' imprisonment.  And in Case Number 30-CR-17-684, Isanti County District Court sentenced Johnson on June 19, 2019, to 24 months' imprisonment for a conviction of credit card fraud.  Because both of Johnson's state sentences were satisfied based on prior custody credit, she was released to federal custody on June 20, 2019, to begin serving her federal sentence.  Johnson's current projected date of release from BOP custody is June 6, 2025.

Johnson submitted a request to BOP officials for her federal sentence to be served concurrently with the state terms of imprisonment imposed by Ramsey County District Court and Isanti County District Court on May 15, 2019, and June 19, 2019, respectively.  When this Court sentenced Johnson in this case, her state sentences had not been imposed.  And at the sentencing hearing, neither Johnson nor the United States addressed whether any anticipated state sentence should run concurrently with or consecutively to Johnson's federal sentence.  This Court, therefore, did not address the issue.[1]  In light of these circumstances, the BOP seeks this Court's guidance as to whether Johnson's federal sentence should run concurrently with or consecutively to her state sentences.

---

[1]    Similarly, according to the BOP, neither Ramsey County District Court nor Isanti County District Court addressed this issue when those courts sentenced Johnson. Johnson represents—and public records reflect—that the May 15, 2019 sentence of 699 days' imprisonment imposed by the Ramsey County District Court was amended on February 3, 2020, to run concurrently with Johnson's federal sentence. The Isanti County District Court's June 19, 2019 sentence of 24 months' imprisonment has not been similarly amended.

After receiving the BOP's letter request, the Court ordered Johnson and the United States to file memoranda of law addressing this issue.  In her memorandum, Johnson argues that she is entitled to 496 days' credit on her federal sentence for time spent in state custody between her arrest on December 19, 2017, and the imposition of her federal sentence on April 30, 2019.  Johnson contends that this Court should modify her federal sentence downward to 68 months' imprisonment to reflect this custody credit.  In its memorandum, the United States argues that any custody credit to which Johnson is entitled should be limited to "the 255 days from the date of her initial arrest on December 19, 2017, through the date of the dismissal of her *related* state drug charges on August 31, 2018."  The United States opposes custody credit for the period between August 31, 2018, and June 20, 2019, because that time was served as a result of unrelated state charges.

## ANALYSIS

The narrow issue before the Court is the BOP's request for guidance as to whether Johnson's federal sentence should run concurrently with or consecutively to her subsequently imposed state sentences.  The BOP's request implicates two distinct statutory provisions.  Section 3584(a) governs the circumstances in which a sentencing court should order multiple terms of imprisonment to run either consecutively or concurrently.  *See* 18 U.S.C. § 3584(a).  In contrast, Section 3621(b) governs the location the BOP should designate as the place of imprisonment.  *See* 18 U.S.C. § 3621(b).  As addressed below, whereas Section 3584(a) pertains to the district court's sentencing authority, Section 3621(b) pertains to the BOP's discretionary authority to carry out the sentence imposed by the sentencing court.

3

I.      **Johnson's Sentence**

The authority to determine whether multiple sentences should run either consecutively or concurrently pursuant to Section 3584(a) rests with the sentencing court. *Setser v. United States*, 566 U.S. 231, 239 (2012). At the time of sentencing, a district court "may preemptively decide whether a federal sentence and an 'anticipate[d]' state sentence should run consecutively or concurrently to one another." *United States v. Snow*, 949 F.3d 1094, 1097 (8th Cir. 2020) (quoting *Setser*, 566 U.S. at 236–37). But because the parties did not raise the issue of any anticipated state sentences at Johnson's sentencing hearing in this case, this Court's sentencing judgment does not address the issue. Thus, the BOP seeks guidance as to the legal effect of the Court's silence.

The general rule is that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Johnson's federal term of imprisonment was imposed at a different time than her state terms of imprisonment were imposed. As such, her federal term of imprisonment presumptively runs consecutively to her state terms of imprisonment *unless* the sentencing court orders them to run concurrently, which this Court did not do. When a "district court could have, but did not, order concurrent sentences . . . the default rule of [Section] 3584 for sentences imposed at different times" is that "the federal sentence [is] to be consecutive to the state sentence." *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013) (concluding that BOP "correctly interpreted the district court's silence as requiring consecutive sentences"). Accordingly, by operation of 18 U.S.C. § 3584(a), because this Court did not order Johnson's federal sentence to run concurrently with any other

4

sentence, her federal term of imprisonment runs consecutively to her subsequently imposed state sentences.

In response to the BOP's letter, both the United States and Johnson suggest that the Court should "modify" Johnson's sentence or "order that state time run concurrently with" Johnson's federal sentence. But neither the United States nor Johnson addresses whether or to what extent this Court has the authority to retroactively modify Johnson's now-final sentence. Instead, the legal authority cited in the parties' memoranda of law pertains to a district court's authority to determine the consecutive or concurrent nature of a defendant's sentence *at the time of sentencing*. The Court sentenced Johnson more than a year ago. The Court entered a sentencing judgment on May 2, 2019, which subsequently became final when Johnson did not file an appeal. As such, the legal authority that the United States and Johnson rely on is inapposite.

A district court's authority to later reexamine a sentence is limited. *See, e.g.*, 18 U.S.C. § 3582(c) (providing that a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances); Fed. R. Crim. P. 35 (addressing limited circumstances in which a sentencing court may correct or reduce a sentence); *United States v. Harris*, 574 F.3d 971, 972–73 (8th Cir. 2009) (recognizing that a district court has limited jurisdiction to reexamine a sentencing judgment); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (observing that Congress has "dramatically curtail[ed] a district judge's power to revise a sentence after its imposition" (internal quotation marks omitted)). Here, a motion to modify Johnson's sentence has not been filed, nor have the parties identified any legal authority for the Court to modify Johnson's

sentence in the present circumstances. Thus, to the extent that the BOP or the parties request a retroactive substantive modification to Johnson's federal sentence, those requests are denied. Johnson's federal sentence is consecutive to her subsequently imposed state sentences as a matter of law.

## II.     Custody Credit

In response to the BOP's letter, both the United States and Johnson also request that the Court "credit" Johnson for time she spent in state custody. Federal law provides for a defendant to be given credit for certain time spent in custody before the date that a federal sentence commences. *See* 18 U.S.C. § 3585(b). But this Court lacks the authority to calculate custody credit because that authority rests exclusively with the BOP. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). To the extent that the United States and Johnson suggest that this Court should calculate, recalculate, or otherwise order any time to be "credited" toward Johnson's federal sentence, this Court lacks the authority to do so.[2] For this reason, the parties' requests for an order awarding custody credit are denied.

## III.     Retroactive Designation of Place of Confinement

According to the BOP's letter, "Johnson has requested that her federal sentence be served concurrently with the state term, which would be accomplished by the [BOP] designating the state institution for service of her federal sentence under 18 U.S.C. § 3621(b)." Despite the Court's order giving the United States and Johnson an

---

[2]     Judicial review of the BOP's calculation of custody credit is permissible only after a prisoner first exhausts all administrative remedies and then files a petition for a writ of habeas corpus. *See Pardue*, 363 F.3d at 699. Johnson has not done so here.

opportunity to respond to the BOP's request, neither party's memorandum of law addresses 18 U.S.C. § 3621(b). The Court nonetheless addresses the BOP's request in light of Section 3621(b).

### A.     BOP's Authority Under Section 3621(b)

In addition to calculating custody credit, the BOP possesses "discretionary authority to designate a state facility as a place for federal confinement pursuant to 18 U.S.C. § 3621." *Elwell*, 716 F.3d at 483 (citing *Setser*, 566 U.S. at 239). Such a designation can, in effect, render multiple sentences partially or entirely concurrent irrespective of the sentencing court's pronouncement of a defendant's sentence. In *Setser*, the Supreme Court described this discretionary authority as follows:

> The [BOP] may . . . order that a prisoner serve [a] federal sentence in a *state* prison. Thus, when a person subject to a federal sentence is serving a state sentence, the [BOP] may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive.

566 U.S. at 235 (citing 18 U.S.C. § 3621). The Eighth Circuit has expressly interpreted *Setser* as treating the exercise of the BOP's Section 3621 discretion "as an issue separate and distinct from" the district court's sentencing authority to determine whether multiple terms of imprisonment should be either consecutive or concurrent. *Elwell*, 716 F.3d at 484. As such, regardless of whether the district court orders multiple terms of imprisonment to run concurrently, "[t]he BOP is authorized to designate a facility (federal or state) as the site for a defendant convicted of a federal offense to serve [a] federal sentence." *Id.* at 486. "The BOP may do this in advance of prisoner placement or

through a *nunc pro tunc* order designating the state facility after the fact." *Id.* Here, although the discretion to make this designation rests with the BOP, the BOP has requested this Court's input.

### B.    Sentencing Court's Authority Under Section 3621(b)

When deciding whether to designate a state facility as the place of imprisonment for a federal sentence, the BOP may consider multiple factors, including the sentencing court's intent. *Id.*; *accord* 18 U.S.C. 3621(b) (providing that BOP may consider "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was determined to be warranted; or . . . recommending a type of penal or correctional facility as appropriate"). In doing so, "it is not necessarily the case that the BOP, when applying [Section] 3621, must interpret silence as evidencing a district court's intent to impose consecutive sentences." *Elwell*, 716 F.3d at 486–87. Instead, the BOP has discretion in how it interprets the Court's silence as to whether multiple sentences should be concurrent or consecutive. *Id.* Here, rather than relying solely on the Court's pronouncement of Johnson's sentence at the time of her federal sentencing, the BOP requests the Court's *post*-sentencing "guidance." The Court must, therefore, consider the extent of its authority to provide such guidance.

Although this Court lacks authority to retroactively modify Johnson's sentence or calculate Johnson's custody credit, a sentencing court is authorized to make *non-binding recommendations* to the BOP. *See, e.g.*, *United States v. Walker*, 917 F.3d 989, 990 (7th Cir. 2019) (observing that district court has "discretion to make a recommendation to the BOP as to whether pretrial credit is appropriate"); *accord United States v. Elmardoudi*,

501 F.3d 935, 940 (8th Cir. 2007) (observing that sentencing decision included "recommendation that [BOP] should credit" the defendant for time spent in pretrial detention). Indeed, a sentencing court has express statutory authority to "recommend[ ] a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). Although such recommendations typically occur at the time of sentencing, a court may— but is not required to—issue non-binding recommendations to the BOP *after* the defendant has begun serving a sentence. *See, e.g.*, *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (concluding that, after a sentence has been imposed, a district court's authority is limited to making a "non-binding recommendation" to BOP); *United States v. Rovetuso*, 840 F.2d 363, 367 (7th Cir. 1987) (suggesting that a district court may issue a "clarifying order" as to sentencing intent if the order does not substantively modify a previously imposed sentence); *Rickman v. Maye*, 196 F. Supp. 3d 1197, 1199 (D. Kan. 2016) (explaining that, after "BOP sought guidance from the federal sentencing court to determine whether it was the federal court's intent that the state and federal sentence[s] would run concurrently," the sentencing court issued a recommendation to BOP). Therefore, the Court construes the BOP's letter as a request for a non-binding recommendation as to whether the BOP should exercise its discretion to retroactively designate the institution where Johnson served her state sentences as the place of imprisonment for her federal sentence.

As addressed above, the BOP may consider the sentencing court's intent when designating the institution where a defendant should serve a federal sentence. *Elwell*, 716 F.3d at 486. Because this Court had no knowledge of Johnson's anticipated state

sentences at the time of her federal sentencing hearing, the Court had no intent, one way or the other, as to whether the sentences should run concurrently or consecutively. Had the Court been aware of Johnson's anticipated state sentences, the Court would have consulted the relevant guidance from the United States Sentencing Guidelines.

The Sentencing Guidelines provide that a federal sentence should run concurrently with an anticipated state sentence if the anticipated state sentence arises from an offense that is "relevant conduct" to the instant offence. U.S.S.G. § 5G1.3(c). But it is undisputed that Johnson's state sentences involved conduct unrelated to Johnson's federal conviction. In such circumstances, the Sentencing Guidelines provide that the sentences "may be imposed to run concurrently, partially concurrently, or consecutively" so as "to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). In complex situations, a sentencing court may exercise its discretion "to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense." *Id.* cmt. 4(D). When determining a "reasonable punishment" under this provision, the Sentencing Guidelines advise a sentencing court to avoid unwarranted sentencing disparities by considering the factors in 18 U.S.C. § 3553(a), the type and length of the other sentence and the amount of time already served on that sentence, and any other relevant circumstance. *Id.* cmt. 4(A).

Johnson was arrested on December 19, 2017, in connection with the methamphetamine offense of which she was convicted in this case. She remained in state custody for 548 days, from the date of her arrest until June 20, 2019, when she was released to federal custody to begin serving the federal sentence imposed in this case.

According to the Presentence Investigation Report, during the first 255 days of this 548-day period of state confinement, state drug charges were pending against Johnson for the same conduct that resulted in Johnson's conviction in this case.[3]

Based on the foregoing facts, the United States argues that it would be fair for 255 of the days Johnson spent in state custody to count toward Johnson's federal sentence.  In support of this argument, the United States relies on 18 U.S.C. § 3585(b)(1), which provides that a defendant must be given credit toward a federal term of imprisonment for time "spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed."  But the United States fails to consider the final clause of Section 3585(b), which limits such credit to time spent in official detention "that has not been credited against another sentence."  18 U.S.C. § 3585(b).  It is undisputed that the time Johnson spent in state custody beginning on December 19, 2017, has been credited against another sentence—namely, the 24-month state sentence subsequently imposed by Isanti County District Court.[4]  As such, the

---

[3]     Specifically, this 255-day period began when Johnson was arrested on December 19, 2017, and ended when the state drug charges against Johnson were dismissed on August 31, 2018.

[4]     As addressed above, the sentence of 699 days' imprisonment imposed by Ramsey County District Court was later amended to run concurrently with Johnson's federal sentence.  Consequently, the time Johnson spent in state custody beginning on December 19, 2017, is no longer credited against Johnson's 699-day sentence imposed by Ramsey County District Court.  Although the parties suggest that Isanti County District Court might amend the 24-month state sentence to run concurrently with Johnson's federal sentence, there is no evidence that such an amendment has occurred.  This is precisely the reason the Supreme Court has concluded that the BOP, not the sentencing court, must calculate custody credit.  *See Wilson*, 503 U.S. at 333–34 (concluding that authority to calculate custody credit rests with BOP because this calculation cannot be made until after a defendant begins to serve a sentence).

argument advanced by the United States is not a persuasive basis for this Court to recommend to the BOP that Johnson's time in state custody should be retroactively designated as the place of confinement for Johnson's federal sentence.

The United States and Johnson advance no other arguments that pertain to whether the Court should recommend a retroactive designation of Johnson's federal sentence to be served in state custody. Nor has the Court identified any basis for such a recommendation. When it sentenced Johnson, this Court considered the relevant portions of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a). The Court imposed a sentence of 84 months' imprisonment, which the Court deemed to be a reasonable punishment for Johnson's federal offense. Notably, Johnson's subsequently imposed state sentences pertain to offenses unrelated to Johnson's federal conviction. On this record, the parties have not identified a persuasive basis for the Court to make a post-sentencing recommendation to the BOP as to the retroactive designation of Johnson's place of confinement. Accordingly, the Court declines to do so.

In summary, Johnson's federal sentence is consecutive to her subsequently imposed state sentences as a matter of law, and the Court lacks authority either to retroactively modify Johnson's sentence or to award custody credit to Johnson for time she served in state custody. At most, the Court has authority to make a non-binding recommendation to the BOP. For the reasons addressed herein, the Court makes no such recommendation and takes no position as to how the BOP should exercise its discretion to calculate Johnson's custody credit under 18 U.S.C. § 3585(b) or to retroactively designate Johnson's place of confinement under 18 U.S.C. § 3621(b).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Defendant Kendra Sue Johnson's request for a sentencing modification or custody credit, (Dkt. 226), is **DENIED**.

2.      Plaintiff United States of America's request for a sentencing modification or custody credit, (Dkt. 227), is **DENIED**.

3.      The Clerk of Court is directed to mail a copy of this Order to the Federal Bureau of Prisons in response to the May 6, 2020 letter, (Dkt. 223).


Dated:  September 3, 2020                            s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge